■ CHRISTOS CATECHIS, Respondent, v PETER J. CORINES et al., Appellants. [662 NYS2d 264] —In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal (1) from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 1, 1996, which denied their motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated October 11, 1996, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 1, 1996, is dismissed, as that order was superseded by the order dated October 11, 1996, made upon renewal and reargument; and it is further,

Ordered that the order dated October 11, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendants have failed to establish as a matter of law that a reasonably prudent person in the plaintiff's position would not have declined to undergo the procedure in question here if he or she had been fully informed (see, Public Health Law § 2805-d [3]), or that the defendants' negligence did not create the condition complained of. Thus, the defendants are not entitled to summary judgment regardless of the adequacy of the plaintiff's opposing papers (see, Winegrad v New York Univ. Ctr., 64 NY2d 851; Porter v Huntington Hosp., 148 AD2d 510, 511). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.