■ PETER COOK et al., Appellants, v RUSSELL REISNER, Defendant, and LONG ISLAND JEWISH MEDICAL CENTER, Appellant. [744 NYS2d 426] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated March 8, 2001, which granted the motion of the defendant Long Island Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Dr. Russell Reisner, the injured plaintiff's private attending physician, performed an anterior resection of the injured plaintiff's sigmoid colon at Long Island Jewish Medical Center (hereinafter LIJ), and was assisted by Dr. James O'Connor, the

chief surgical resident at LIJ. The plaintiffs allege that during the surgery, the injured plaintiff's ureter was severed and stapled back together. Subsequently, the injured plaintiff and his wife commenced this action sounding in medical malpractice against Dr. Reisner and LIJ. LIJ successfully moved for summary judgment. We affirm.

"As a rule, a hospital is normally protected from tort liability if its staff follows the orders of the patient's private physician. * * * An exception exists where the hospital staff knows that the doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders" (*Warney v Haddad,* 237 AD2d 123 [internal quotation marks omitted]). In support of its motion for summary judgment, LIJ submitted an expert affidavit establishing that Dr. Reisner controlled the surgery, directed and supervised all actions of Dr. O'Connor, and oversaw the plaintiff's pre and postoperative care, and that Dr. O'Connor committed no act that constituted a departure from accepted medical practice.

In opposition, the plaintiffs failed to present evidence in admissible form that LIJ breached any duty owed to them. Initially, the plaintiffs failed to submit an unredacted original affidavit of its medical expert to the court for in camera inspection (*see Marano v Mercy Hosp.,* 241 AD2d 48). In any event, the plaintiffs failed to raise a triable issue that Dr. Reisner's directions "so greatly departed from normal practice that [Dr. O'Connor], and by extension the hospital, should be held liable for failing to intervene" (*Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 253 AD2d 616, 619). Moreover, the plaintiffs failed to present evidence raising a triable issue that any specific, independent act on the part of Dr. O'Connor or LIJ proximately caused the plaintiffs' injuries (*see Domaradzki v Glen Cove Ob/Gyn Assoc.,* 242 AD2d 282). Therefore, summary judgment was properly granted in favor of LIJ. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.