■ JEAN BUCHHEIM, Appellant, v BHARAT SANGHAVI, M.D., et al., Respondents. [750 NYS2d 43] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered July 10, 2001, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff claims that she suffers from a "mid-sigmoid stricture" caused by an injury to the wall of her colon, either a laceration or a sealed perforation, sustained during a colonoscopy performed without preparation by defendant physician at defendant hospital with the assistance of defendant resident. According to plaintiff's expert, unless a patient is in a "life-threatening emergency," and plaintiff clearly was not since otherwise she would have been admitted to the hospital after the procedure, a colonoscopy should never be performed on an unprepared colon from which stool has not been cleansed

because the presence of stool impairs visibility and thereby "hugely increase[s]" the risk of an improperly guided instrument injuring the wall of the colon. This opinion, at least absent a further description of the particular symptoms or other circumstances that would warrant an immediate, unprepared colonoscopy, fails to address meaningfully defendant physician's prima facie showing that the diarrhea, lower abdominal cramps, mucous and rectal bleeding with which plaintiff presented indicated a possible ulcerative colitis that made "a bowel prep * * * potentially harmful and not indicated," in that it could confound diagnosis by causing surface cells to slough off, cause additional bleeding and even "lead to the life threatening complication of toxic megacolon." Also left unaddressed was defendant's prima facie showing that his visualization was not impaired by stool easily flushed with water built into the scope; that no problems were encountered during the procedure and no symptoms experienced for a significant period thereafter; and that plaintiff's underlying colitis could have caused the sigmoid stricture. These omissions in plaintiff's opposition constitute a failure to come forward with evidence sufficient to show the existence of material issues of fact as to whether plaintiff's sigmoid stricture was caused by the colonoscopy; if so, whether it was malpractice to perform the colonoscopy; and, if so, whether plaintiff's sigmoid stricture was caused by such malpractice. Such failure requires dismissal of both the cause of action for malpractice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325) and the cause of action for lack of informed consent (Public Health Law § 2805-d [3]; *see Foote v Rajadhyax*, 268 AD2d 745, 745-746). We would also note, with respect to the cause of action for malpractice against the hospital and the resident, the absence of any evidence that they exercised any independent medical judgment (*see Walter v Betancourt*, 283 AD2d 223, 224). Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.