■ BEATRIZ SOTO et al., Respondents, v CHARUSHEELA S. ANDAZ et al., Defendants, and "JOHN" SEENEVASAN, Appellant. [779 NYS2d 104]—

In an action to recover damages for medical malpractice, etc., the defendant Thangamani Seenivasan, sued herein as "John" Seenevasan, appeals from an order of the Supreme Court, Kings County (Levine, J.), dated October 17, 2003, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as as-

serted against the appellant, and the action against the remaining defendants is severed.

The defendant Dr. Charusheela S. Andaz performed a laparoscopic cholecystectomy on the injured plaintiff Beatriz Soto (hereinafter Soto) at the defendant hospital Lutheran Medical Center (hereinafter Lutheran). Dr. Andaz was assisted in the surgery by the appellant, a chief surgical resident, who, at the time, was doing a rotation at Lutheran. As part of the procedure, the appellant clipped and dissected Soto's cystic duct. A few days after surgery and Soto's release from Lutheran, Soto was readmitted, and it was determined that bile was leaking from the cystic duct. The plaintiffs subsequently commenced this action against, among others, the appellant, alleging, inter alia, that he inadequately clipped Soto's cystic duct, and negligently failed to perform an intraoperative cholangiogram which would have alerted him to the bile leak. The appellant moved for summary judgment dismissing the complaint insofar as asserted against him. The appellant contended that he could not be held liable because Dr. Andaz supervised and instructed him during the procedure, he did not exercise any independent medical judgment, and Dr. Andaz's instructions did not so greatly depart from normal practice that he should be liable for failing to intervene. The Supreme Court denied the motion. We reverse.

A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene (see Cook v Reisner, 295 AD2d 466 [2002]; Buchheim v Sanghavi, 299 AD2d 229 [2002]; Roseingrave v Massapequa Gen. Hosp., 298 AD2d 377 [2002]; Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y., 253 AD2d 616 [1998]). The appellant satisfied his initial burden on the motion by submitting evidence that he was under Dr. Andaz's direct supervision at the time of the procedure, and that Dr. Andaz did not so greatly deviate from normal practice that the appellant should be liable for failing to intervene.

In opposition, the plaintiffs failed to raise a triable issue of fact. Although the evidence demonstrated that the appellant played an active role in Soto's procedure, it did not demonstrate the exercise of independent medical judgment (see Buchheim v Sanghavi, supra; Roseingrave v Massapequa Gen. Hosp., supra; Walter v Betancourt, 283 AD2d 223 [2001]). In addition, the plaintiffs did not raise a triable issue of fact as to whether Dr.

Andaz's directions "so greatly departed from normal practice" that the appellant should be liable for failing to intervene (*Cook v Reisner, supra* at 467; *see Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y., supra*).

In light of this determination, we do not reach the parties' remaining contentions. Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.