■ ADRIANNA PETTY et al., Appellants, v BARBARA PILGRIM et al., Defendants, and LORNA M. CLARKE, Respondent. [802 NYS2d 217]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated October 1, 2003, as granted the motion of the defendant Lorna M. Clarke for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Lorna M. Clarke.

In opposition to the prima facie showing of the defendant Lorna M. Clarke demonstrating her entitlement to summary judgment dismissing the complaint insofar as asserted against her, the plaintiffs raised triable issues of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiffs' experts specified the departures allegedly committed by Dr. Clarke and the resultant injuries to the infant plaintiff that proximately resulted therefrom. Dr. Clarke's reliance throughout the plaintiff mother's labor on her alleged direct supervision by the attending private physician, Karl Pilgrim (now deceased), is not substantiated by the contemporaneous hospital records and nurses' notes. A triable issue of fact exists as to whether Dr. Clarke's actions or inaction were taken without Dr. Pilgrim's directives (*see Pearce v Klein,* 293 AD2d 593, 594 [2002]).

Accordingly, the Supreme Court erred in granting Dr. Clarke's motion for summary judgment dismissing the complaint insofar as asserted against her. Prudenti, P.J., Goldstein and Crane, JJ., concur.

Mastro, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: While I agree with the majority's finding that the defendant Lorna M. Clarke succeeded in making a prima facie showing of her entitlement to judgment as a matter of law, I disagree with its conclusion that the plaintiffs raised a triable issue of fact in opposition thereto. Accordingly, I would affirm the order insofar as appealed from, granting her motion for summary judgment dismissing the complaint insofar as asserted against her.

The plaintiffs commenced this action against, among others,

Karl Pilgrim and Lorna M. Clarke to recover damages for their alleged medical malpractice in treating the plaintiff Marie LaCroix Petty (hereinafter the mother) during her labor and ultimate delivery, by caesarian section, of the infant plaintiff Adrianna Petty at Downstate Medical Center, in Brooklyn, in 1994. The plaintiffs allege that the failure of Dr. Pilgrim, the mother's private attending physician at the time, and Dr. Clarke, then a third-year resident at the hospital, to perform a caesarian section earlier in the mother's labor, at a point when the fetal heart rate purportedly indicated fetal distress, resulted in injury to Adrianna.

Generally, neither a hospital nor its employees may be held vicariously liable for the acts of a private attending physician (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 79 [1986]; *Soto v Andaz,* 8 AD3d 470, 471 [2004]; *Orgovan v Bloom,* 7 AD3d 770 [2004]). "Further, a hospital is sheltered from liability in those instances where its employees follow the directions of the attending physician" (*Walter v Betancourt,* 283 AD2d 223, 224 [2001]; *see Cook v Reisner,* 295 AD2d 466 [2002]). As the proponent of the motion for summary judgment, Dr. Clarke sustained her burden of making a prima facie showing of her entitlement to judgment as a matter of law by submitting her own deposition testimony and sworn affidavit, patient progress notes generated contemporaneously with the treatment, and other evidence establishing that at all times she acted under the direction and supervision of Dr. Pilgrim and that she lacked the authority to independently order a caesarian section for a private patient. This evidence demonstrated that Dr. Pilgrim was present when the decelerations in the fetal heart rate were the most serious and prolonged, and that he elected not to perform a caesarian section, but instead employed several measures to address that condition and to monitor the progress of the mother's labor. The evidence further established that Dr. Clarke implemented those measures, continued to monitor the situation, and regularly reported her findings and impressions to Dr. Pilgrim over the next few hours until Dr. Pilgrim ordered—and then performed—a caesarian section due to the failure of the labor to progress.

The plaintiffs failed to raise a triable issue of fact in opposition to Dr. Clarke's prima facie showing. Rather, they merely theorized that Dr. Clarke acted independently and failed to advise Dr. Pilgrim of significant developments which warranted immediate intervention. However, this contention is refuted by Dr. Clarke's deposition testimony and affidavit, as well as by the contemporaneous progress notes indicating that Dr. Pilgrim was

with the mother at 1:30 A.M. and gave orders regarding her care, that Dr. Clarke continued to monitor the mother and fetus with regard to the progress of labor, and that she notified Dr. Pilgrim at approximately 4:30 A.M. when the labor still had not progressed satisfactorily, after which Dr. Pilgrim performed the caesarian section. The mere circumstance that some entries in the progress notes did not indicate that Dr. Clarke consulted with Dr. Pilgrim is insufficient to contradict Dr. Clarke's sworn submissions that such consultations took place and that she acted solely at the direction of Dr. Pilgrim at all times. The speculative and unsubstantiated assertions of the plaintiffs' expert to the contrary were patently inadequate to raise a triable issue of fact in this regard (*see Lynn G. v Hugo*, 96 NY2d 306, 310 [2001]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Accordingly, since the plaintiffs failed to present any evidence of a specific, independent act or omission by Dr. Clarke which proximately caused injury to Adrianna, the Supreme Court properly granted summary judgment in favor of Dr. Clarke (*see Cook v Reisner, supra*).