LINDA CRAWFORD, Appellant, v LEONID SORKIN, M.D., et al., Respondents. [839 NYS2d 40]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 4, 2006, which granted the motion of defendants Sorkin and Garber for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 7, 2006,

which, to the extent appealable, denied plaintiff's motion for renewal of the prior order and granted codefendant Holsey's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff claims she sustained injury to the right femoral nerve during the C-section birth of her second child in 2002. According to plaintiff's expert, since the patient was reported to be in good health prior to the surgery, it was reasonable to conclude that the femoral nerve injury occurred when the surgeon leaned or fell on the retractor, thereby crushing the nerve. Plaintiff's expert also opined that the injury could have resulted from the nerve being cut or clamped by the surgeon.

This opinion, speculative and lacking factual support in the record, was insufficient to rebut the prima facie showing by Drs. Garber and Sorkin that femoral nerve injury was an exceedingly rare complication of gynecological surgery, occurring in two situations, neither of which was implicated here. Defendants' expert explained that the femoral nerve was deep within the pelvis, and not within the operative field of a C-section.

The court also properly denied the motion to renew. Such a motion must contain "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Plaintiff failed to provide a reasonable explanation as to why she had not offered in her original opposition the arguments raised in her expert's supplemental affirmations. In any event, the opinions of Dr. Ringland in his second supplemental affirmation were based on the false notion that Dr. Sorkin used self-retaining retractors, not handheld retractors. Although Dr. Ringland argued that if mishandled, either type of retractor could cause injury, he offered no factual support for the assertion that the handheld retractors used for plaintiff's C-section were mishandled.

No proof was offered to show that femoral nerve injury, rather than plaintiff's HELLP syndrome, renal failure or postsurgical recuperation, was the cause of her temporary inability to stand unassisted. The hospital record notes that on the day of her discharge plaintiff was "ambulating well" with "walking gait steady." The sole "proof" plaintiff points to in the hospital chart as evidence that she had sustained a neurological injury is the entry regarding her lack of deep tendon reflexes postoperatively. However, review of the chart makes clear that this finding (which was transient) related to magnesium sulfate toxicity. Notably, plaintiff's experts do not correlate this finding to the alleged femoral nerve injury. The motion for renewal was thus properly denied.

Finally, the motion court properly dismissed claims against Dr. Holsey, the resident, in the absence of evidence that she had exercised independent medical judgment (*see Buchheim v Sanghavi*, 299 AD2d 229, 230 [2002], *lv denied* 100 NY2d 506 [2003]). There is no record evidence that Dr. Holsey was acting other than under the supervision and at the direction of the hospital attendings, a fact that was not altered by her status as "night chief resident" on the labor and delivery ward. Indeed, Dr. Holsey's entries in the chart reflect her intent to discuss repeat labs and other such matters with the attendings. Concur—Sullivan, J.P., Williams, Gonzalez and Catterson, JJ.