■ DAVID MUNIZ et al., Respondents, v NACHUM M. KATLOWITZ et al., Appellants. [856 NYS2d 120]—

The plaintiff David Muniz (hereinafter Muniz) and his wife, the plaintiff Cathy Muniz, commenced this action in November 2004 alleging that Muniz's ilioinguinal nerve was injured during surgery performed by the defendants Dr. Nachum M. Katlowitz and Dr. Daniel Lehman in March 2003. At the time of the surgery, Dr. Katlowitz was an attending physician and Dr. Daniel Lehman was a resident employed by the defendant Maimonides Medical Center (hereinafter Maimonides). The complaint asserted causes of action sounding in medical malpractice and lack of informed consent.

In moving for summary judgment dismissing the medical malpractice cause of action, Dr. Katlowitz submitted the purported affirmation of expert Dr. Peter Schlegel. The statement by Dr.

Schlegel did not constitute competent evidence as it was not "subscribed and affirmed by him to be true under the penalties of perjury" (CPLR 2106; *see Bourgeois v North Shore Univ. Hosp. at Forest Hills,* 290 AD2d 525, 526 [2002]; *Parisi v Levine,* 246 AD2d 583 [1998]). While Dr. Katlowitz subscribes and affirms the truth of his accompanying statement under penalty of perjury, he was not entitled to submit an affirmation in lieu of an affidavit as he was a party to the action (*see* CPLR 2106; *DeLeonardis v Brown,* 15 AD3d 525 [2005]). Therefore, Dr. Katlowitz did not establish his prima facie entitlement to summary judgment dismissing the medical malpractice cause of action insofar as asserted against him, regardless of the sufficiency of the plaintiffs' opposing papers.

As to the lack of informed consent cause of action asserted against Dr. Katlowitz, he failed to establish his prima facie entitlement to summary judgment since both he and his expert "failed to allege that a reasonably prudent person in the plaintiff's position would not have declined to undergo the procedure in question if he or she had been fully informed" (*Baez v Lockridge,* 259 AD2d 573, 573 [1999]; *see Haggerty v Wyeth Ayerst Pharms.,* 11 AD3d 511, 512-513 [2004]; *Colon v Klindt,* 302 AD2d 551, 553 [2003]; *Catechis v Corines,* 242 AD2d 519 [1997]; Public Health Law § 2805-d [1], [3]). Thus, Dr. Katlowitz is not entitled to summary judgment dismissing the lack of informed consent cause of action regardless of the adequacy of the plaintiffs' opposing papers (*see Colon v Klindt,* 302 AD2d 551 [2003]; *Catechis v Corines,* 242 AD2d 519 [1997]).

Dr. Katlowitz's argument that he was under no duty to disclose the risk of nerve injury because it was a rare complication and therefore not reasonably foreseeable (*see* Public Health Law § 2805-d [1], [3]) is raised for the first time on appeal and thus not properly before this Court (*see Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573, 574 [1998]).

The complaint, however, should have been dismissed insofar as asserted against Dr. Lehman and Maimonides. "A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (*Soto v Andaz,* 8 AD3d 470, 471 [2004]; *see Toth v Bloshinsky,* 39 AD3d 848 [2007]; *Cook v Reisner,* 295 AD2d 466 [2002]; *Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 253 AD2d 616 [1998]).

Here, Dr. Lehman and Maimonides satisfied their initial burden by submitting both physicians' deposition testimony and

hospital records demonstrating that Dr. Lehman was under Dr. Katlowitz's direct supervision at the time of the procedure, and that Dr. Katlowitz did not so greatly deviate from normal practice that Dr. Lehman should be liable for failing to intervene.

In opposition, the plaintiffs failed to raise a triable issue of fact. "Although the evidence demonstrated that [Dr. Lehman] played an active role in [Muniz's] procedure, it did not demonstrate the exercise of independent medical judgment" (*Soto v Andaz,* 8 AD3d at 471; *see Crawford v Sorkin,* 41 AD3d 278 [2007]; *Walter v Betancourt,* 283 AD2d 223 [2001]). In addition, the plaintiffs did not raise a triable issue of fact as to whether Dr. Katlowitz's directions "so greatly departed from normal practice" that Dr. Lehman should be held liable for failing to intervene (*Cook v Reisner,* 295 AD2d at 467; *see Welch v Scheinfeld,* 21 AD3d 802, 808 [2005]; *Soto v Andaz,* 8 AD3d at 471-472). Indeed, the plaintiffs' expert did not even mention Dr. Lehman (*cf. Petty v Pilgrim,* 22 AD3d 478 [2005]).

Accordingly, the Supreme Court erred in denying those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Dr. Lehman and Maimonides. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.