# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**777**

**CA 13-01005**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

DAVID GREEN AND CHRISTINE GREEN,
PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

WALTER HALL, M.D., ET AL., DEFENDANTS,
AND DONALD J. BLASKIEWICZ, M.D.,
DEFENDANT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BOTTAR LEONE, PLLC, SYRACUSE (AARON J. RYDER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered April 10, 2013.  The order denied the
motion of defendant Donald J. Blaskiewicz, M.D. for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion of defendant
Donald J. Blaskiewicz, M.D. is granted and the complaint against him
is dismissed.

Memorandum:  In this action seeking damages for injuries
allegedly arising from medical malpractice and lack of informed
consent, Donald J. Blaskiewicz, M.D. (defendant) appeals from an order
that, inter alia, denied his motion for summary judgment dismissing
the complaint against him.  We agree with defendant that Supreme Court
erred in denying the motion.

It is well settled that a "resident who assists a doctor during a
medical procedure, and who does not exercise any independent medical
judgment, cannot be held liable for malpractice so long as the
doctor's directions did not so greatly deviate from normal practice
that the resident should be held liable for failing to intervene"
(*Soto v Andaz*, 8 AD3d 470, 471; *see Wulbrecht v Jehle*, 92 AD3d 1213,
1214).  Here, in support of his motion, defendant submitted evidence
establishing that defendant Walter Hall, M.D., the supervising
physician, conducted the initial meeting with plaintiff David Green,
the patient.  Defendant also submitted evidence establishing that Dr.
Hall supervised defendant throughout all of the surgeries involved,
reviewed all notes that defendant wrote, determined which surgical
method would be used, decided to discontinue the first operation to

obtain further information about the cyst or tumor that was to be excised, and decided to perform the subsequent operations. Furthermore, "[a]lthough the evidence demonstrated that [defendant] played an active role in [Dr. Hall's] procedure, it did not demonstrate the exercise of independent medical judgment" by defendant (*Soto*, 8 AD3d at 471; *see Muniz v Katlowitz*, 49 AD3d 511, 514).  We conclude that defendant met his initial burden by establishing that he implemented a course of treatment created by Dr. Hall that was not " 'so clearly contraindicated by normal practice that ordinary prudence require[d] inquiry into the correctness' " of that treatment (*Cook v Reisner*, 295 AD2d 466, 467; *see Costello v Kirmani*, 54 AD3d 656, 657), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to plaintiffs' contention, the fact that defendant could not independently recall the details of the operations or his part in them does not require a different result.  On a motion for summary judgment, a defendant may meet his or her burden "by submitting a defendant physician's affidavit or affirmation describing the facts in specific detail and opining that the care provided did not deviate from the applicable standard of care" (*Cole v Champlain Val. Physicians' Hosp. Med. Ctr.*, 116 AD3d 1283, 1285).  Here, defendant's affidavit and deposition testimony, along with the deposition testimony of the attending physician establishing the details of the operations at issue, were sufficient "to rebut the claim of malpractice by establishing that [defendants] complied with the accepted standard of care" (*id.*).

Entered:  July 3, 2014                          Frances E. Cafarell
                                                 Clerk of the Court