■ AKLIMA NASIMA et al., Appellants, v SULEYMAN E. DOLEN, M.D., et al., Defendants, and HONGMEI MENG, M.D., et al., Respondents. [51 NYS3d 189]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered November 12, 2014, as granted that branch of the motion of the defendants Hongmei Meng and Jamaica Hospital which was for summary judgment dismissing the complaint insofar as asserted against the defendant Hongmei Meng, and the motion of the defendant George L. Anis for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Aklima Nasima (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice. They alleged, among other things, that the injured plaintiff sustained injuries as a result of a laparoscopy with lysis of adhesions procedure performed on June 8, 2011, and a subsequent exploratory laparotomy performed later that day by the defendant Suleyman E. Dolen, an obstetrician/gynecologist, with the assistance of the defendant Hongmei Meng, a resident, at the defendant Jamaica Hospital (hereinafter the Hospital). The defendant George L. Anis served as the anesthesiologist for the laparoscopy. The plaintiffs alleged, inter alia, that during the laparoscopy, Dolen and Meng cut the uterine wall and failed to recognize and treat the resulting intra-abdominal bleeding, and Anis prescribed and administered Toradol for pain management, which was contraindicated for patients such as the injured plaintiff who were at a heightened risk for internal bleeding. Meng and the Hospital

moved for summary judgment dismissing the complaint insofar as asserted against them, and Anis separately moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted Anis's motion and that branch of the motion of Meng and the Hospital which was for summary judgment dismissing the complaint insofar as asserted against Meng. The plaintiffs appeal.

"A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (*Soto v Andaz*, 8 AD3d 470, 471 [2004]). Here, the record established that the injured plaintiff's private attending physician, Dolen, controlled the surgery, directed and supervised all actions of Meng as an assisting resident, and oversaw the injured plaintiff's pre- and postoperative care, and that Meng committed no act that constituted a departure from accepted medical practice. Meng therefore made a prima facie showing of his entitlement to judgment as a matter of law by submitting both her and Dolen's deposition testimony and the Hospital medical records, which demonstrated that she was under Dolen's direct supervision at all times and did not exercise any independent medical judgment with respect to the injured plaintiff's care and treatment, and that Dolen's directions did not so greatly deviate from normal practice that Meng should be held liable for failing to intervene (*see Muniz v Katlowitz*, 49 AD3d 511 [2008]). Meng further established, prima facie, that none of her alleged departures proximately caused the injured plaintiff's injuries (*see Cook v Reisner*, 295 AD2d 466 [2002]; *Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 253 AD2d 616 [1998]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Dolen's directions so greatly departed from normal practice that Meng should be held liable for failing to intervene (*see Cook v Reisner*, 295 AD2d 466 [2002]). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether Meng exercised any independent medical judgment or that any specific, independent act on her part proximately caused the injured plaintiff's injuries (*see Crawford v Sorkin*, 41 AD3d 278 [2007]; *Cook v Reisner*, 295 AD2d 466 [2002]). Accordingly, the Supreme Court properly granted that branch of the motion of Meng and the Hospital which was for summary judgment dismissing the complaint insofar as asserted against Meng.

In support of his motion for summary judgment, Anis established his prima facie entitlement to judgment as a mat-

ter of law by submitting an expert affirmation establishing that he did not depart from accepted standards of care during the procedure, and, in any event, that none of the alleged departures attributed to Anis proximately caused the injured plaintiff's injuries (*see Kunic v Jivotovski*, 121 AD3d 1054 [2014]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment" (*Bezerman v Bailine*, 95 AD3d 1153, 1154 [2012]). The plaintiffs' anesthesiology expert's conclusory and unsupported affirmation was insufficient to defeat summary judgment. Accordingly, the Supreme Court properly granted Anis's motion for summary judgment dismissing the complaint insofar as asserted against him. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.