Blendowski v Wiese (2018 NY Slip Op 00973)





Blendowski v Wiese


2018 NY Slip Op 00973


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


82 CA 17-00599

[*1]CAROL BLENDOWSKI, PLAINTIFF-RESPONDENT,
v
MICHAEL B. WIESE, M.D., INDIVIDUALLY, AND AS AN OFFICER, AGENT AND/OR EMPLOYEE OF ORTHOPEDICS EAST, P.C., ORTHOPEDICS EAST, P.C., BY AND THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES, MARC O'DONNELL, M.D., INDIVIDUALLY, AND AS AN OFFICER, AGENT AND/OR EMPLOYEE OF CROUSE HOSPITAL, AND CROUSE HOSPITAL, BY AND THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 






MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (MARK DUNN OF COUNSEL), FOR DEFENDANTS-APPELLANTS MICHAEL B. WIESE, M.D., INDIVIDUALLY, AND AS AN OFFICER, AGENT AND/OR EMPLOYEE OF ORTHOPEDICS

CROUSE HOSPITAL, BY AND THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES.
BOTTAR LEONE, PLLC, SYRACUSE (MICHAEL A. BOTTAR OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an amended order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered March 6, 2017. The amended order denied that part of the motions of defendants for summary judgment dismissing the first cause of action, for medical malpractice against them. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting the motion of defendants Marc O'Donnell, M.D. and Crouse Hospital in its entirety and dismissing the complaint against them and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries that she sustained after undergoing a knee-replacement surgery at defendant Crouse Hospital. The surgery was performed by defendant Michael B. Wiese, M.D., who was sued individually and as an officer, agent and/or employee of defendant Orthopedics East, P.C. (Orthopedics East), and by defendant Marc O'Donnell, M.D., a third-year orthopedic resident who was sued individually and as an officer, agent and/or employee of Crouse Hospital. It is undisputed that, during the surgery, O'Donnell severed plaintiff's peroneal and tibial nerves while drilling into the intramedullary canal of her left femur, which resulted in permanent nerve damage in her leg. We conclude that Supreme Court properly denied that part of the motion of Wiese and Orthopedics East for summary judgment dismissing the first cause of action, for medical malpractice, against them but erred in denying that part of the motion of O'Donnell and Crouse Hospital for summary judgment dismissing that cause of action against them. We [*2]therefore modify the amended order accordingly.
We conclude that O'Donnell and Crouse Hospital met their burden on their motion with respect to the medical malpractice cause of action by establishing that O'Donnell did not exercise independent medical judgment during the procedure. It is well settled that a "resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (Wulbrecht v Jehle, 92 AD3d 1213, 1214 [4th Dept 2012] [internal quotation marks omitted]; see Reading v Fabiano, 137 AD3d 1686, 1687 [4th Dept 2016]). Even where a resident "play[s] an active role in [plaintiff's] procedure," the resident cannot commit malpractice unless he or she was shown to have exercised some " independent medical judgment' " (Green v Hall, 119 AD3d 1366, 1367 [4th Dept 2014]). Here, it is undisputed that plaintiff was Wiese's patient, and Wiese determined the type of surgery to be performed on plaintiff. The deposition testimony of O'Donnell and Wiese establishes that O'Donnell was acting as a resident under Wiese's direction and supervision during the procedure. Indeed, Wiese testified at his deposition and averred in his affidavit that he supervised O'Donnell's selection of the location and angle of the drill, and that he made the decision to stop drilling. We therefore conclude that O'Donnell and Crouse Hospital met their burden on the motion by establishing that O'Donnell did not exercise independent medical judgment with respect to his operation of the drill, and plaintiff failed to raise an issue of fact (see Nasima v Dolen, 149 AD3d 759, 760 [2d Dept 2017]; Muniz v Katlowitz, 49 AD3d 511, 513-514 [2d Dept 2008]).
We further conclude that Wiese and Orthopedics East met their initial burden on their motion with respect to the medical malpractice cause of action by submitting the affidavit and deposition testimony of Wiese establishing " that there was no deviation or departure from the applicable standard of care' " (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]). Wiese's deposition testimony and affidavit described his treatment of plaintiff, and he stated that the procedures he used were in keeping with the accepted standards of practice. We conclude, however, that plaintiff raised a triable issue of fact through the submission of her expert's affirmation. Plaintiff's expert stated that Wiese deviated from the standard of care because he did not properly select the angle and trajectory for the drill bit and he did not continually check the angle and trajectory as the drilling progressed. This squarely opposes Wiese's affidavit and deposition testimony, presenting a classic "battle of the experts" that is properly left to a jury for resolution (Williamson v Hodson, 147 AD3d 1488, 1489 [4th Dept 2017], lv denied 29 NY3d 913 [2017] [internal quotation marks omitted]; see Wilk v James, 107 AD3d 1480, 1484 [4th Dept 2013]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court