Tsocanos v Zaidman (2020 NY Slip Op 01108)





Tsocanos v Zaidman


2020 NY Slip Op 01108


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-07033
 (Index No. 59526/14)

[*1]Charles Tsocanos, et al., appellants,
v
Gerald W. Zaidman, etc., defendant, Namita Sagar, etc., et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Philip Russotti and Kathleen P. Kettles of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 28, 2017. The order granted the motion of the defendants Namita Sagar and Westchester County Health Care Corporation for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff Charles Tsocanos (hereinafter Charles), and his wife suing derivatively, commenced this action to recover damages for medical malpractice. The plaintiffs allege that Charles sustained injuries as a result of a cataract removal surgery performed on June 20, 2013, by the defendant Gerald W. Zaidman, a private attending physician at the defendant Westchester County Health Care Corporation (hereinafter the hospital), with the assistance of the defendant Namita Sagar, then an ophthalmology resident at the hospital. The plaintiffs allege, inter alia, that Sagar failed to properly administer a retrobulbar block injection, an anesthetic procedure, to Charles at the start of the cataract surgery, resulting in a central retinal vein occlusion to Charles's eye. After the completion of discovery, Sagar and the hospital (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the defendants' motion, and the plaintiffs appeal.
 "A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene'" (Quille v New York City Health & Hosp. Corp., 152 AD3d 808, 809, quoting Soto v Andaz, 8 AD3d 470, 471). Here, the defendants made a prima facie showing of Sagar's entitlement to judgment as a matter of law through Charles's medical records and the deposition testimony of Zaidman, which demonstrated that Zaidman had complete control over Charles's diagnosis, the surgical approach, and the surgery (see Nasima v Dolen, 149 AD3d 759, 760; Guctas v Pessolano, 132 AD3d 632, 635; Muniz v Katlowtiz, 49 AD3d 511, 513-514; Soto v Andaz, 8 AD3d at 471). Although Sagar actively participated in the surgery by performing the retrobulbar block, she did so under Zaidman's direction and close supervision, and thus exercised no independent medical judgment (see Nasima v Dolen, 149 AD3d at 760; Guctas v Pessolano, 132 [*2]AD3d at 635; Muniz v Katlowtiz, 49 AD3d at 513-514; Soto v Andaz, 8 AD3d at 471). The defendants also established that Zaidman's instructions did not so greatly deviate from normal practice that Sagar should have intervened, as the defendants' expert concluded that it was appropriate for Sagar to perform a retrobulbar block under the supervision of an attending physician (see Nasima v Dolen, 149 AD3d at 760; Guctas v Pessolano, 132 AD3d at 635; Muniz v Katlowtiz, 49 AD3d at 513-514; Soto v Andaz, 8 AD3d at 471).
In general, "a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee'" (Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1213, quoting Toth v Bloshinsky, 39 AD3d 848, 850). Even when hospital employees, such as resident physicians, participate in the treatment of a patient, the hospital "may not be held vicariously liable for resulting injuries where the hospital employees have merely carried out the private attending physician's orders" (Dupree v Westchester County Health Care Corp., 164 AD3d at 1213).
The defendants made a prima facie showing of the hospital's entitlement to judgment as a matter of law by presenting evidence that Zaidman was a private attending physician, not an employee of the hospital, that Sagar was a resident when she administered the retrobulbar block, and that Sagar merely carried out Zaidman's orders when she administered the block (see Nasima v Dolen, 149 AD3d at 760; Guctas v Pessolano, 132 AD3d at 635; Muniz v Katlowtiz, 49 AD3d at 513-514; Soto v Andaz, 8 AD3d at 471).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Sagar exercised any independent medical judgment or as to the hospital's vicarious liability. In view of the foregoing, we need not reach the plaintiffs' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court