■ DANIE ANN ABBOTOY et al., Individually and as Parents and Natural Guardians of DANIEL ABBOTOY, an Infant, Respondents, v DAVID I. KURSS, M.D., Doing Business as SUBURBAN OBSTETRICS & GYNECOLOGY, Doing Business as WOMEN's WELLNESS CENTER OF WESTERN NEW YORK, Appellant. [860 NYS2d 364]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered September 13, 2007 in a medical malpractice action. The order denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by their son as a result of defendant's

alleged malpractice during the course of plaintiff mother's pregnancy and through the delivery of their son. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. The affidavit of defendant's expert, which separately addressed each of the 15 allegations of negligence in plaintiffs' bill of particulars, was sufficient to demonstrate defendant's entitlement to judgment as a matter of law (*see Chance v Felder*, 33 AD3d 645, 646 [2006]). Plaintiffs, however, raised triable issues of fact concerning defendant's alleged malpractice and the cause of the infant's injuries by their submission of the affidavits of their own experts (*see Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]). We reject the contention of defendant that he is entitled to partial summary judgment with respect to those allegations in the bill of particulars not specifically addressed by plaintiffs' experts. Defendant's contention is based on a misperception of the function of a bill of particulars. "[A] bill of particulars is not a pleading, but just an expansion of one" (Siegel, NY Prac § 238, at 401 [4th ed]). The expert affidavits submitted by plaintiffs set forth in detail the manner in which defendant deviated from the standard of care and how those deviations caused or contributed to their son's injuries, thereby raising triable issues of fact with respect to the causes of action for negligence and medical malpractice. Contrary to defendant's contention, plaintiffs were not required to submit an expert opinion with respect to each allegation in the bill of particulars inasmuch as the bill of particulars merely amplified those causes of action (*see generally id.* at 400). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.