# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**738**

**CA 11-00217**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

DORETHA WILLIAMS, AS ADMINISTRATRIX OF THE
ESTATE OF STEVEN K. WILLIAMS, DECEASED,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD M. MOSCATI, JR., M.D., ET AL., DEFENDANTS,
AND ERIE COUNTY MEDICAL CENTER CORPORATION,
DEFENDANT-APPELLANT.

---

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 17, 2010 in a medical malpractice action. The order, insofar as appealed from, denied in part the motion of defendant Erie County Medical Center Corporation for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of her son (decedent), commenced this action seeking damages for his wrongful death and conscious pain and suffering allegedly caused by defendants' medical malpractice. Defendant Erie County Medical Center Corporation (ECMCC) appeals from an order insofar as it denied those parts of its motion seeking summary judgment dismissing the wrongful death claims against it. We affirm.

ECMCC correctly concedes that it may be held vicariously liable for the negligent acts of defendant Ronald M. Moscati, Jr., M.D., a private attending physician who treated decedent in ECMCC's emergency department (*see generally Henderson v Marx*, 251 AD2d 988; *Mduba v Benedictine Hosp.*, 52 AD2d 450, 453). ECMCC contends, however, that Supreme Court erred in denying its motion with respect to its liability for the acts of defendant Erum Ansari, M.D., a fellow in pediatric emergency medicine who treated decedent under the supervision of Dr. Moscati. We reject that contention. Even assuming, arguendo, that ECMCC met its initial burden with respect to Dr. Ansari, plaintiff submitted an expert affidavit raising a triable

issue of fact whether Dr. Ansari exercised medical judgment independent from that of Dr. Moscati (*see generally Lorenzo v Kahn*, 74 AD3d 1711, 1713; *Soto v Andaz*, 8 AD3d 470, 471; *Pearce v Klein*, 293 AD2d 593).  ECMCC further contends that the court erred in denying its motion with respect to its liability for the acts of ECMCC's staff. We reject that contention inasmuch as plaintiff has asserted no direct claims against ECMCC's staff.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court