# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**39**

**CA 11-00510**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

NANCY S. WULBRECHT, AS ADMINISTRATRIX OF THE
ESTATE OF ROBERT M. WULBRECHT, DECEASED,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

DIETRICH JEHLE, M.D., ET AL., DEFENDANTS,
AND ERIE COUNTY MEDICAL CENTER CORPORATION,
DEFENDANT-RESPONDENT.

---

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered October 13, 2010 in a medical malpractice and
wrongful death action. The order, among other things, granted
plaintiff's motion for leave to reargue and upon reargument adhered to
its prior order dismissing all direct claims against defendant Erie
County Medical Center Corporation and its employees and agents.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of her
husband (decedent), commenced this medical malpractice and wrongful
death action seeking damages for the death of decedent, a psychiatric
patient who committed suicide. Plaintiff appeals from an order
denying her motion seeking to settle the prior order granting those
parts of the motion of Erie County Medical Center Corporation
(defendant) for summary judgment dismissing the direct claims against
it. The order also granted plaintiff's motion for leave to reargue
her opposition to those parts of defendant's motion for summary
judgment dismissing the medical malpractice claims against it arising
out of the acts and omissions of its employee, former defendant Denise
Giessert, M.D, and, upon reargument, Supreme Court adhered to its
original determination granting defendant's motion with respect to
those claims. We affirm.

"[I]t is well settled that, '[i]n general, a hospital may not be
held vicariously liable for the malpractice of a private attending
physician who is not an employee, and may not be held concurrently

liable unless its employees committed independent acts of negligence or the attending physician's orders were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness of [the attending physician's orders]' . . . In addition, '[a] resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene' " (*Lorenzo v Kahn*, 74 AD3d 1711, 1713; *see Muniz v Katlowitz*, 49 AD3d 511, 513).

Defendant established its entitlement to judgment as a matter of law with respect to the medical malpractice claims against it arising out of the acts and omissions of Dr. Giessert, the resident psychiatrist who first met with decedent prior to his admission to the hospital. The evidence submitted by defendant demonstrated that Dr. Giessert was acting under the supervision of defendant Victoria Brooks, M.D. and defendant Hong Yu, M.D., the attending psychiatrists who were required to approve any orders signed by Dr. Giessert. Thus, defendant cannot be held liable for any alleged malpractice on the part of Dr. Giessert, inasmuch as she did not exercise any independent medical judgment, and the directions of Dr. Brooks and Dr. Yu did not so greatly deviate from normal practice that Dr. Giessert should have intervened (*see Lorenzo*, 74 AD3d at 1713; *Muniz*, 49 AD3d at 513-514; *Soto v Andaz*, 8 AD3d 470, 471). Plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Defendant also established its entitlement to judgment as a matter of law with respect to the claims against it for common-law negligence. " 'The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of the facts' " (*Kerker v Hurwitz*, 163 AD2d 859, 859, *amended on rearg* 166 AD2d 931). In addition, "a private hospital is required to exercise reasonable care and diligence in safeguarding a patient, measured by the capacity of the patient to provide for his [or her] own safety" (*Horton v Niagara Falls Mem. Med. Ctr.*, 51 AD2d 152, 154, *lv denied* 39 NY2d 709). Failure to "restrain, supervise and exercise care for [a patient's] safety" in an adequate manner constitutes common-law negligence (*White v Sheehan Mem. Hosp.*, 119 AD2d 989).

Here, defendant met its initial burden with respect to the claims against it for common-law negligence. The medical records and deposition testimony submitted by defendant demonstrated that its staff checked on decedent at 30-minute intervals in accordance with the treatment plan. Plaintiff failed to submit evidence sufficient to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  February 10, 2012

Frances E. Cafarell
Clerk of the Court