# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**92**

**CA 11-01565**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

JERRY OSGOOD, PLAINTIFF,

               V                                       MEMORANDUM AND ORDER

KDM DEVELOPMENT CORP., KDM DEVELOPMENT SERVICES
CORPORATION, TUSCARORA VILLAGE, INC., TUSCARORA
VILLAGE MANUFACTURED HOME SALES, INC., AND
TUSCARORA VILLAGE MHP, LLC, DEFENDANTS.
--------------------------------------------------
KDM DEVELOPMENT CORP., KDM DEVELOPMENT SERVICES
CORPORATION, TUSCARORA VILLAGE, INC., TUSCARORA
VILLAGE MANUFACTURED HOME SALES, INC., AND
TUSCARORA VILLAGE MHP, LLC, THIRD-PARTY
PLAINTIFFS-RESPONDENTS,

               V

ROYAL MANUFACTURED HOME SALES, INC., THIRD-PARTY
DEFENDANT-APPELLANT,
DYLAN AND DANIEL ENTERPRISES, INC. AND DANIEL V.
MASON, DOING BUSINESS AS DYLAN AND DANIEL
ENTERPRISES, INC., THIRD-PARTY DEFENDANTS.

---

GOLDBERG SEGALLA LLP, BUFFALO (COLLEEN M. MURPHY OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-APPELLANT.

GOERGEN, MANSON & HUENKE, BUFFALO (JOSEPH G. GOERGEN, II, OF COUNSEL),
FOR THIRD-PARTY PLAINTIFFS-RESPONDENTS.

---

     Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered April 28, 2011. The order denied the motion of
third-party defendant Royal Manufactured Home Sales, Inc. for summary
judgment.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the third-party complaint against third-party defendant Royal
Manufactured Home Sales, Inc. is dismissed.

     Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained when he
fell from a ladder while installing siding on a mobile home (home).
The home was located in a mobile home park owned by defendant-third-
party plaintiff Tuscarora Village MHP, LLC and managed by defendant-

third-party plaintiff KDM Development Corp.  Defendant-third-party plaintiff Tuscarora Village Manufactured Home Sales, Inc. sold mobile homes to customers at the mobile home park, and the home on which plaintiff was working at the time of his accident was brokered by third-party defendant Royal Manufactured Home Sales, Inc. (Royal). Defendants commenced the third-party action seeking, inter alia, common-law indemnification and contribution from Royal, and Royal moved for summary judgment dismissing the third-party complaint against it.  Supreme Court denied the motion, and we reverse.

Even assuming, arguendo, that Royal is the owner of the home for purposes of the Labor Law, we conclude that Royal met its initial burden on the motion by submitting evidence that it did not supervise or control the injury-producing work, and that it did not provide the ladder from which plaintiff fell (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562; *Carro v Lyons Falls Pulp and Paper, Inc.*, 56 AD3d 1276, 1277-1278).  Defendants-third-party plaintiffs (defendants) failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman*, 49 NY2d at 562).  Defendants contend, as an alternative ground for affirmance, that the motion should be denied because Royal failed to submit the bill of particulars in support of its motion (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130).  We reject that contention. " '[A] bill of particulars is not a pleading, but just an expansion of one' " (*Abbotoy v Kurss*, 52 AD3d 1311, 1312, quoting Siegel, NY Prac § 238, at 401 [4th ed]), and thus Royal's failure to support its motion with a copy thereof does not require denial of the motion (*see generally* CPLR 3212 [b]; *D.J. Enters. of WNY v Benderson*, 294 AD2d 825; *Niles v County of Chautauqua*, 285 AD2d 988).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court