Siegal v Adler (2020 NY Slip Op 00225)





Siegal v Adler


2020 NY Slip Op 00225


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10757 301315/07

[*1] Yonina Siegal, etc., et al., Plaintiffs-Respondents,
v
Dr. Howard Adler, Defendant-Appellant, Howard Adler, M.D., P.C., et al., Defendants.


KL Rotondo & Associates, Rye (Kathi L. Rotondo of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about January 18, 2018, which denied defendant Dr. Howard Adler's motion for summary judgment dismissing the complaint as against him, unanimously modified, on the law, to grant the motion solely as to the claims based upon Dr. Adler's examination of the decedent, and otherwise affirmed, without costs.
The decedent, a 43-year-old male attorney, presented to defendant Dr. Adler, his primary care physician, on March 31, 2005, complaining of headaches during the preceding three weeks. After examining him, Dr. Adler drew blood for lab work and recommended that the decedent make quality-of-life changes. Dr. Adler also advised the decedent to have his eyes checked, especially to rule out glaucoma, and to see a neurologist if the headaches continued.
Plaintiff's expert affidavit raised a triable issue of fact as to whether Dr. Adler departed from good and accepted standards of medical practice in failing to refer the decedent for rapid cranial imaging and/or neurological assessment (see Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). The expert opined that "[w]hen an otherwise healthy 40 year old [sic] male patient presents with complaints of new headaches over a course of three weeks that are not improving, good and accepted standards of medical care and practice require that the patient be referred for head imaging for a structural lesion or to an emergency room for a thorough rapid neurological assessment." Dr. Adler does not dispute this description of the decedent on March 31, 2005. Although he takes issue with the factual bases of several other statements made by plaintiff's expert, those statements do not contradict or negate the expert's broader opinion. The remainder of Dr. Adler's arguments are addressed to the credibility of plaintiff's expert and the weight that should be afforded to the expert's opinion, which are matters for the factfinder.
Plaintiff's expert affidavit also raised an issue of fact as to whether Dr. Adler's assessment of decedent's headache history deviated from good and accepted standards of medical practice. Plaintiff's expert opined that when a patient presents with "a new onset, persistent headache," good and accepted standards of medical care require that the doctor take "a headache history with attention to the timing and severity of the headache," and that Dr. Adler's headache history was inadequate because he did not make findings as to whether the headaches began suddenly, whether they became progressively worse, how long they lasted, how frequent they were, or whether there were any exacerbating or relieving factors. Dr. Adler does not reasonably dispute that the decedent presented with "a new onset, persistent headache" on March 31, 2005. He argues that he made the findings that the expert listed. However, he does not cite any evidence that he inquired as to how long the decedent's headaches lasted or whether there were any exacerbating or relieving factors.
However, plaintiff's expert opinion failed to raise a triable issue of fact as to whether Dr. [*2]Adler departed from good and accepted standards of medical practice in his examination of the decedent except as to his taking decedent's headache history. The expert's opinion that Dr. Adler's examination was "inadequate in elucidating subtle neurologic signs of cerebral dysfunction, including memory function, coordination assessments, limb drift, ataxia, and dysmetria" is conclusory. It does not set forth the requirements under good and accepted standards of medical practice that Dr. Adler failed to meet (see Kaplan v Karpfen, 57 AD3d 409, 409-410 [1st Dept 2008], lv denied 12 NY3d 716 [2009]).
Dr. Adler failed to demonstrate as a matter of law that the nonparty ophthalmologist's treatment of the decedent on April 3, 2005 was the superseding cause of his injuries (see Hain v Jamison, 28 NY3d 524, 529 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK