Bieger v Kaleida Health Sys., Inc. (2021 NY Slip Op 03772)





Bieger v Kaleida Health Sys., Inc.


2021 NY Slip Op 03772


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


962 CA 19-02038

[*1]VERNA BIEGER, AS EXECUTRIX OF THE ESTATE OF NELSON J. BIEGER, DECEASED, PLAINTIFF-RESPONDENT,
v
KALEIDA HEALTH SYSTEM, INC., DOING BUSINESS AS BUFFALO GENERAL HOSPITAL, PATRICK DRUMMOND, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BROWN CHIARI LLP, BUFFALO (MICHAEL R. DRUMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered November 4, 2019. The order, among other things, denied those parts of the motion of defendants Kaleida Health System, Inc., doing business as Buffalo General Hospital, Patrick Drummond, M.D. and Jessica L. Patten, R.N., seeking summary judgment dismissing the complaint and all cross claims against defendants-appellants. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting those parts of the motion for summary judgment dismissing the complaint and any cross claims against defendant Patrick Drummond, M.D., and for summary judgment dismissing the complaint and any cross claims against defendant Kaleida Health System, Inc., doing business as Buffalo General Hospital, insofar as the complaint asserts a claim of vicarious liability against that defendant arising from the conduct of Patrick Drummond, M.D., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice and wrongful death action seeking damages for injuries that plaintiff's decedent sustained after his discharge from defendant Kaleida Health System, Inc., doing business as Buffalo General Hospital (Kaleida Health). Decedent's care was managed by attending physician Anne B. Curtis, M.D. and first-year resident Patrick Drummond, M.D., both of whom are defendants in this action, as well as cardiology fellow Dr. Leon Varjabedian and third-year senior resident Dr. Shaun Bath, neither of whom is a party to this action. As relevant on appeal, plaintiff's primary claim of negligence involved the decision to discontinue one of decedent's medications, Plavix, at the time of his discharge, which, according to plaintiff, caused him to suffer a fatal stroke several days later. Kaleida Health and Dr. Drummond (collectively, defendants), among others, moved for, inter alia, summary judgment dismissing the complaint and any cross claims against them, contending that they did not deviate from the applicable standard of care and that there was no proximate cause between their treatment of decedent and the injuries alleged; that Dr. Drummond could not be liable because he did not exercise any independent medical judgment and instead properly followed the direction of his supervisors to discontinue the medication at discharge; and that Kaleida Health was not vicariously liable for the conduct of Drs. Drummond, Bath, Varjabedian, or Curtis. Supreme Court denied that part of the motion with respect to Kaleida Health and Dr. Drummond, and defendants appeal.
We agree with defendants that the court erred in denying the motion insofar as it sought summary judgment dismissing the complaint and any cross claims against Dr. Drummond, and we therefore modify the order accordingly. Defendants met their initial burden on the motion by [*2]presenting the affidavit of an expert who opined that, as a first-year resident, Dr. Drummond could not and did not make any medical decisions independently and that he properly wrote the discharge instruction to discontinue the medication only after discussing and confirming that decision with the appropriate supervisors, a practice that complied with the applicable standard of care (see Hatch v St. Joseph's Hosp. Health Ctr., 174 AD3d 1404, 1405 [4th Dept 2019]; Wulbrecht v Jehle, 92 AD3d 1213, 1214 [4th Dept 2012]). Defendants also submitted the deposition testimony of Drs. Drummond and Bath, which established that Dr. Drummond consulted with Dr. Bath prior to decedent's discharge and confirmed with him that the decision had been made to discontinue the medication. Plaintiff failed to raise a triable issue of fact in opposition (see generally Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]; Pigut v Leary, 64 AD3d 1182, 1183 [4th Dept 2009]). Based on that conclusion, we likewise agree with defendants that the court erred in denying that part of the motion seeking summary judgment dismissing the complaint and any cross claims against Kaleida Health insofar as the complaint asserts a claim of vicarious liability based on the alleged conduct of Dr. Drummond (see generally Wulbrecht, 92 AD3d at 1214), and we further modify the order accordingly.
Contrary to their contention, however, defendants failed to meet their initial burden of establishing that Kaleida Health could not be held vicariously liable for the alleged conduct of Drs. Bath and Varjabedian. Although defendants submitted the affidavit of an expert who opined that Drs. Bath and Varjabedian did not exercise independent medical judgment and complied with the applicable standard of care by consulting and confirming the discharge instructions with Dr. Curtis (see generally Hatch, 174 AD3d at 1405; Poter v Adams, 104 AD3d 925, 927 [2d Dept 2013]), their other submissions raised an issue of fact whether Drs. Bath and Varjabedian did, in fact, appropriately confirm and discuss the discharge instructions. Further, although defendants met their initial burden of establishing that Kaleida Health could not be held liable for the conduct of Dr. Curtis because she was not an employee of Kaleida Health, plaintiff, in opposition to the motion, raised a triable issue of fact whether Kaleida Health could nevertheless be vicariously liable under a theory of ostensible agency (see Hill v St. Clare's Hosp., 67 NY2d 72, 79-81 [1986]; Clair v St. James Mercy Hosp., 298 AD2d 943, 943 [4th Dept 2002]; Litwak v Our Lady of Victory Hosp. of Lackawanna, 238 AD2d 881, 881 [4th Dept 1997]).
We have reviewed defendants' remaining contentions and conclude that none warrants reversal or further modification of the order.
All concur except Bannister, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and would affirm the order inasmuch as I conclude that Supreme Court properly denied the motion of Kaleida Health System, Inc., doing business as Buffalo General Hospital (Kaleida Health), and Patrick Drummond, M.D. (collectively, defendants) insofar as it sought summary judgment dismissing the complaint and any cross claims against them. I agree with my colleagues that defendants met their initial burden on the motion by submitting the affidavit of an expert who opined that Dr. Drummond did not make any independent medical decisions and that he wrote the discharge instruction to discontinue Plavix only after discussing the decision with a more senior resident physician. In my view, however, plaintiff raised several triable issues of fact in opposition sufficient to defeat the motion.
It is undisputed that defendant Anne B. Curtis, M.D. was the attending physician in charge of supervising the residents who were part of her "Cardiac B" team, including Dr. Drummond. Dr. Curtis explained in her deposition testimony that Dr. Drummond's responsibilities included preparing the patients' discharge instructions. Although Dr. Drummond asked a more senior resident physician whether the discharge instructions for decedent should include the continued use of Plavix, Dr. Drummond never consulted Dr. Curtis, who was the physician who also signed off on the document. Thus, in my view, plaintiff demonstrated issues of fact whether Dr. Drummond properly confirmed the decision to discontinue the Plavix with the appropriate supervising physician (see generally Petty v Pilgrim, 22 AD3d 478, 479 [2d Dept 2005])
Moreover, the record reflects that Dr. Drummond was factually and medically aware that the direction to discontinue Plavix was not medically advisable. Indeed, Dr. Drummond acknowledged in his deposition testimony that he was aware that decedent was at a high risk for future strokes without Plavix, as evidenced by the fact that he took steps to discuss the discontinuance of Plavix with a more senior resident. Thus, in my view, plaintiff also raised an [*3]issue of fact whether Dr. Drummond actually exercised independent judgment when he questioned the propriety of the discharge instructions (see Williams v Moscati, 85 AD3d 1608, 1608-1609 [4th Dept 2011]).
Plaintiff also submitted the deposition testimony of various physicians, including Dr. Curtis, who stated that Plavix should not have been discontinued upon the decedent's discharge. Plaintiff's expert opined that the failure to continue Plavix after discharge was a "serious[] and indefensible" deviation from the standard of care and that the decedent should never have been discharged without either anti-coagulant or anti-platelet medication. Thus, plaintiff raised triable issues of fact whether the order to discontinue the Plavix "so greatly deviate[d] from normal practice" that Dr. Drummond, a medical doctor, was obligated to intervene (Lorenzo v Kahn, 74 AD3d 1711, 1713 [4th Dept 2010]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court