Carroll v Niagara Falls Mem. Med. Ctr. (2023 NY Slip Op 04082)

Carroll v Niagara Falls Mem. Med. Ctr.

2023 NY Slip Op 04082

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

968 CA 21-01179

[*1]JEANNE CARROLL, PLAINTIFF-APPELLANT-RESPONDENT,
v
NIAGARA FALLS MEMORIAL MEDICAL CENTER, DEFENDANT-RESPONDENT, MARK D. PERRY, M.D., MARK D. PERRY, M.D., P.C., AND RADIOLOGY SOLUTIONS ASSOCIATES, PLLC, DEFENDANTS-APPELLANTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
 

 Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 21, 2021. The order granted the motion of defendant Niagara Falls Memorial Medical Center for summary judgment and denied the motion of defendants Mark D. Perry, M.D., Mark D. Perry, M.D., P.C., and Radiology Solutions Associates, PLLC, for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendant Niagara Falls Memorial Medical Center in part and reinstating the amended complaint, as amplified by the bill of particulars, insofar as it asserts a claim that Niagara Falls Memorial Medical Center is vicariously liable for the negligence of defendant Mark D. Perry, M.D., and granting in part the motion of defendants Mark D. Perry, M.D., Mark D. Perry, M.D., P.C., and Radiology Solutions Associates, PLLC, for summary judgment and dismissing the amended complaint, as amplified by the bill of particulars, against those defendants insofar as it asserts a claim that defendant Mark D. Perry, M.D. committed medical malpractice during the pre- and post-ultrasound treatment of plaintiff, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she allegedly sustained as the result of, inter alia, the failure of a radiologist to detect a deep vein thrombosis (DVT) on an ultrasound ordered by her primary care physician. Plaintiff appeals and defendants Mark D. Perry, M.D. (Dr. Perry), i.e., the radiologist, Mark D. Perry, M.D., P.C., and Radiology Solutions Associates, PLLC (RSA) (collectively, Perry defendants) appeal from an order that denied the Perry defendants' motion for summary judgment dismissing the amended complaint and any cross-claims against them and granted the motion of defendant Niagara Falls Memorial Medical Center (hospital) for summary judgment dismissing the amended complaint and any cross-claims against it.
"[A] defendant moving for summary judgment in a medical malpractice action has the [initial] burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Campbell v Bell-Thomson, 189 AD3d 2149, 2150 [4th Dept 2020]). "To meet that burden, a defendant must submit in admissible form factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [the defendant] complied with the accepted [*2]standard of care or did not cause any injury to the patient" (Edwards v Myers, 180 AD3d 1350, 1352 [4th Dept 2020] [internal quotation marks omitted]; see Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]). " '[T]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant . . . meets the initial burden . . . , and only as to the elements on which the defendant met the prima facie burden' " (Bubar, 177 AD3d at 1359).
Taking the appeal of the Perry defendants first, we agree with the Perry defendants that they met their initial burden with respect to the absence of any deviation from the accepted standard of care. In support of their motion, the Perry defendants submitted an affidavit from Dr. Perry himself, which was "detailed, specific and factual in nature and addresse[d] plaintiff's specific . . . claim[s] of negligence" (Campbell, 189 AD3d at 2150 [internal quotation marks omitted]). Contrary to the Perry defendants' contention, however, they did not meet their initial burden with respect to causation. In his affidavit, Dr. Perry opined that errors in plaintiff's post-ultrasound treatment by her primary care physician and other treatment providers, specifically their failure to order additional studies, constituted an intervening cause that severed the causal nexus between Dr. Perry's alleged negligence and plaintiff's injuries. Dr. Perry's affidavit failed, however, to establish as a matter of law that the alleged "intervening act[s were] extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [Dr. Perry's] conduct" such that they could constitute "superseding act[s] which break[] the causal nexus" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]; see Siegal v Adler, 179 AD3d 471, 472-473 [1st Dept 2020]; Romanelli v Jones, 179 AD3d 851, 857 [2d Dept 2020]).
The burden therefore shifted to plaintiff to demonstrate the existence of a triable issue of fact with respect to only the element of Dr. Perry's alleged deviation from the appropriate standard of care (see Bubar, 177 AD3d at 1359). Contrary to the Perry defendants' contention, we conclude that the affidavit of plaintiff's expert raised triable issues of fact with respect to plaintiff's theory that Dr. Perry's failure to identify a DVT on the ultrasound constituted medical malpractice. In contrast to the opinion of Dr. Perry that the ultrasound images showed no evidence of a DVT, plaintiff's expert opined that the black lentiform area on at least one image showed "a classic sign of DVT/blood clot." Thus, the affidavit of plaintiff's expert squarely contradicted Dr. Perry's affidavit and created a classic battle of the experts on the element of deviation that is properly left to a jury for resolution (see Cooke v Corning Hosp., 198 AD3d 1382, 1383 [4th Dept 2021]).
The Perry defendants further assert that, pursuant to Bubar and its progeny, Supreme Court was required, and failed, to grant them partial summary judgment dismissing each of the particularized factual allegations contained in the bill of particulars that were not expressly addressed by plaintiff's expert in opposition to the motion. We reject that assertion and, in doing so, we take this opportunity to clarify our holdings by resolving the apparent tension between Abbotoy v Kurss (52 AD3d 1311 [4th Dept 2008]) and Bubar and its progeny (see e.g. Revere v Burke, 200 AD3d 1607, 1609-1610 [4th Dept 2021]; Noga v Brothers of Mercy Nursing & Rehabilitation Ctr., 198 AD3d 1277, 1279 [4th Dept 2021]; Pasek v Catholic Health Sys., Inc., 186 AD3d 1035, 1036 [4th Dept 2020]).
As we previously stated in Abbotoy, the assertion that a defendant is entitled to partial summary judgment with respect to each allegation in the bill of particulars not specifically addressed by a plaintiff's expert in opposition to the motion "is based on a misperception of the function of a bill of particulars" (52 AD3d at 1312). " '[A] bill of particulars is not a pleading, but just an expansion of one,' " and thus a plaintiff opposing a motion for summary judgement is "not required to submit an expert opinion with respect to each allegation in the bill of particulars inasmuch as the bill of particulars merely amplifie[s] th[e] causes of action" (id. [emphasis added]). Notably, the individual allegations in the plaintiffs' bill of particulars in Abbotoy amplified a single cohesive theory of medical malpractice. Nothing in our decision in Abbotoy was intended to preclude a defendant in a medical malpractice action from seeking partial summary judgment where the complaint, as amplified by a bill of particulars, asserts more than one distinct theory (i.e., more than one claim) of malpractice (see generally Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755-756 [3d Dept 2001]). Bubar and its progeny should be read as consistent with that approach, and nothing therein should be interpreted as contrary to the holding in Abbotoy. In sum, a plaintiff opposing a motion for summary judgment is not required to submit an expert opinion with respect to each allegation in the bill of [*3]particulars, but rather must raise a triable issue of fact with respect to each distinct theory or claim of malpractice on which the defendant made a prima facie showing of entitlement to judgment as a matter of law, and the defendant will be entitled to partial summary judgment dismissing any distinct theory or claim of malpractice left unaddressed or unopposed by the plaintiff in opposition to the motion (see e.g. Revere, 200 AD3d at 1609-1610; Bubar, 177 AD3d at 1360; Abbotoy, 52 AD3d at 1312).
Here, in addition to asserting the theory that Dr. Perry's failure to detect a DVT on the ultrasound was a deviation from the accepted standard of care, plaintiff further asserted in the amended complaint as amplified by the bill of particulars the distinct theory that Dr. Perry deviated from the accepted standard of care in the pre- and post-ultrasound treatment of plaintiff. Inasmuch as the Perry defendants met their initial burden of establishing that Dr. Perry had no involvement in plaintiff's treatment outside of his involvement as the radiologist and plaintiff failed to address that theory in opposition to the motion, we conclude that plaintiff abandoned that distinct theory of medical malpractice (see Pasek, 186 AD3d at 1036). We therefore modify the order by granting in part the motion of the Perry defendants for summary judgment and dismissing the amended complaint, as amplified by the bill of particulars, against those defendants insofar as it asserts a claim that Dr. Perry committed medical malpractice during the pre- and post-ultrasound treatment of plaintiff.
On her appeal, plaintiff contends that the hospital failed to establish as a matter of law that it was not vicariously liable for Dr. Perry's alleged malpractice. We agree. A hospital "is liable for the negligence or malpractice of its employees" (Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]). Further, "[d]espite a physician's independent contractor status, a hospital may be held liable for such physician's negligence if it maintained control over the manner and means of the physician's work" (Torns v Samaritan Hosp., 305 AD2d 965, 966-967 [3d Dept 2003]; see Pasek v Catholic Health Sys., Inc., 195 AD3d 1381, 1382 [4th Dept 2021]). "[V]icarious liability for the medical malpractice of an independent, private attending physician may [also] be imposed under a theory of apparent or ostensible agency by estoppel" (Dragotta v Southampton Hosp., 39 AD3d 697, 698 [2d Dept 2007]; see Pasek, 195 AD3d at 1382).
Here, plaintiff alleged in her amended complaint and her bill of particulars to the hospital that Dr. Perry "was an agent, servant and/or employee of" the hospital. The hospital failed to establish, prima facie, that Dr. Perry was an independent contractor, rather than an employee (see Vazquez v Beth Abraham Health Servs., 172 AD3d 411, 411-412 [1st Dept 2019]; Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1213-1214 [2d Dept 2018]). Although the hospital established that Dr. Perry was a member of RSA, which provided services to several hospitals, it also submitted evidence that he was chief of the hospital's department of diagnostic imaging and, with respect thereto, the hospital's submissions lacked any affidavit from a hospital representative with personal knowledge of Dr. Perry's employment status or the nature of his position with the hospital, and Dr. Perry's affidavit and deposition testimony each likewise failed to establish as a matter of law that he was not an employee of the hospital (see Vazquez, 172 AD3d at 411-412; cf. Pasek, 195 AD3d at 1382; Weiszberger v KCM Therapy, 189 AD3d 1121, 1123 [2d Dept 2020]; Angelhow v Chahfe, 174 AD3d 1285, 1286 [4th Dept 2019]; Sledziewski v Cioffi, 137 AD2d 186, 188-189 [3d Dept 1988]). In addition, the hospital failed to establish that Dr. Perry, even if he were a non-employee physician, was not an agent of the hospital or under the hospital's control (see Castro v Durban, 161 AD3d 939, 942 [2d Dept 2018]; Contreras v Adeyemi, 102 AD3d 720, 722-723 [2d Dept 2013]). Inasmuch as the hospital failed to establish its prima facie entitlement to summary judgment with respect to plaintiff's claim that the hospital is vicariously liable for Dr. Perry's alleged negligence, the motion must be denied insofar as it sought dismissal of that claim (see Castro, 161 AD3d at 942; cf. Pasek, 195 AD3d at 1383). We therefore further modify the order accordingly.
We have reviewed plaintiff's remaining contention and conclude that it does not require reversal or further modification of the order.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court