Van Hook v Doak (2024 NY Slip Op 02641)

Van Hook v Doak

2024 NY Slip Op 02641

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

331 CA 23-00368

[*1]MYA VAN HOOK, PLAINTIFF-RESPONDENT,
v
JEREMY P. DOAK, M.D., UBMD ORTHOPAEDICS & SPORTS MEDICINE, TYLER KENT, M.D., WOMEN & CHILDREN'S HOSPITAL OF BUFFALO, KALEIDA HEALTH, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 

EAGAN & HEIMER, PLLC, BUFFALO (NEAL A. JOHNSON OF COUNSEL), FOR DEFENDANTS-APPELLANTS JEREMY P. DOAK, M.D., AND UBMD ORTHOPAEDICS & 

CHILDREN'S HOSPITAL OF BUFFALO, AND KALEIDA HEALTH, INC.
CELLINO LAW, LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (John B. Licata, J.), entered February 22, 2023. The order, insofar as appealed from, denied in part the motions of defendants Jeremy P. Doak, M.D., UBMD Orthopaedics & Sports Medicine, Tyler Kent, M.D., Women & Children's Hospital of Buffalo and Kaleida Health, Inc., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in its entirety the motion of defendants Tyler Kent, M.D., Women & Children's Hospital of Buffalo, and Kaleida Health, Inc. and dismissing the complaint against them, and granting those parts of the motion of defendants Jeremy P. Doak, M.D., UBMD Orthopaedics & Sports Medicine, and UBMD, Inc. for summary judgment dismissing the complaint, as amplified by the bill of particulars, against defendant Jeremy P. Doak, M.D., insofar as it asserts claims for negligent training of nursing staff, inadequate nursing staffing and equipment, negligent neuromonitoring, failure to obtain a consultation, and failure to review orders, and against defendant UBMD Orthopaedics & Sports Medicine insofar as it asserts direct claims against it, and dismissing the complaint against those defendants to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages resulting from a spinal cord injury that occurred during a facetectomy as part of pediatric scoliosis surgery. The facetectomy was performed by defendant Tyler Kent, M.D., a fourth-year resident employed by defendant Women & Children's Hospital of Buffalo (Hospital), an affiliate of defendant Kaleida Health, Inc. (Kaleida Health), under the direct supervision of defendant Jeremy P. Doak, M.D., an attending physician employed by defendant UBMD Orthopaedics & Sports Medicine (UBMD) with privileges at Kaleida Health. Defendants Kaleida Health, the Hospital (collectively, Kaleida Health defendants), Kent, Doak and UBMD appeal from an order that, insofar as appealed from, denied in part their motions for summary judgment dismissing the complaint and any cross-claims against them.
With respect to the appeal by Kent and the Kaleida Health defendants, we conclude that Supreme Court erred in denying that part of their motion (Kaleida motion) seeking summary judgment dismissing the complaint and any cross-claims against Kent because Kent did not [*2]exercise independent medical judgment during the surgery. It is well settled that a " 'resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene' " (Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1285 [4th Dept 2018]; see Wulbrecht v Jehle, 92 AD3d 1213, 1214 [4th Dept 2012]), even where the resident " 'played an active role in [the plaintiff's] procedure' " (Green v Hall, 119 AD3d 1366, 1367 [4th Dept 2014]). Kent and the Kaleida Health defendants met their burden on the Kaleida motion with respect to Kent by submitting evidence that plaintiff was Doak's patient, Doak determined the surgery that was to be performed, and Doak directly supervised Kent during the facetectomy, and plaintiff failed to raise a triable issue of fact in opposition (see id.; see generally Soto v Andaz, 8 AD3d 470, 471 [2d Dept 2004]).
Based on that determination, we further conclude that the court erred in denying that part of the Kaleida motion seeking summary judgment dismissing the complaint and any cross-claims against the Kaleida Health defendants "insofar as the complaint asserts a claim of vicarious liability based on the alleged conduct of [Kent]" (Bieger v Kaleida Health Sys., Inc., 195 AD3d 1473, 1475 [4th Dept 2021]; see Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1274 [4th Dept 2015]).
We also agree with Kent and the Kaleida Health defendants that the court erred in denying that part of their motion seeking summary judgment dismissing the complaint and any cross-claims against the Kaleida Health defendants insofar as the complaint asserts a claim of vicarious liability based on the alleged conduct of Doak. Generally, " 'a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee' " (Wulbrecht, 92 AD3d at 1214; see Lorenzo v Kahn, 74 AD3d 1711, 1712-1713 [4th Dept 2010]), but rather is "part of a group of independent contractor physicians" (Thurman v United Health Servs. Hosps., Inc., 39 AD3d 934, 935 [3d Dept 2007], lv denied 9 NY3d 807 [2007]). However, " '[v]icarious liability for the medical malpractice of an independent, private attending physician may . . . be imposed under a theory of apparent or ostensible agency by estoppel' " (Carroll v Niagara Falls Mem. Med. Ctr., 218 AD3d 1373, 1377 [4th Dept 2023]; see Dragotta v Southampton Hosp., 39 AD3d 697, 698 [2d Dept 2007]). An apparent or ostensible agency is created by "words or conduct of the principal, communicated to a third party, which give rise to the appearance and belief that the agent possesses the authority to act on behalf of the principal" (Dragotta, 39 AD3d at 698; see Hallock v State of New York, 64 NY2d 224, 231 [1984]). Kent and the Kaleida Health defendants met the initial burden on their motion with respect to the vicarious liability claim based on Doak's conduct (see Bieger, 195 AD3d at 1475; King v Mitchell, 31 AD3d 958, 960-961 [3d Dept 2006]; Nagengast v Samaritan Hosp., 211 AD2d 878, 878-880 [3d Dept 1995]), and plaintiff failed to raise a triable issue of fact in opposition. Contrary to plaintiff's contention, neither Doak's affiliation with the Kaleida Health defendants nor the presence of a UBMD office within a Kaleida Health defendants' facility raise a triable issue of fact as to apparent or ostensible agency (see Thurman, 39 AD3d at 936; King, 31 AD3d at 960).
We agree with Kent and the Kaleida Health defendants that the court erred in denying that part of their motion seeking summary judgment dismissing, as abandoned, the remaining direct and indirect claims against the Kaleida Health defendants. Contrary to the parties' contentions and as explained in Carroll (218 AD3d at 1375), medical malpractice defendants are not entitled to "partial summary judgment dismissing each of the particularized factual allegations contained in the bill of particulars that [are] not expressly addressed by the plaintiff's expert in opposition" (id.). Instead, summary judgment is properly granted only as to the "distinct theor[ies] or claim[s] of malpractice" that were unaddressed by the plaintiff's expert in opposition (id. at 1376). Here, Kent and the Kaleida Health defendants met their burden on the motion with respect to plaintiff's remaining malpractice claims against the Kaleida Health defendants, which were based upon distinct legal theories of negligent neuromonitoring, failure to enact policies and procedures, negligent supervision and training, and vicarious liability for the conduct of individuals other than Doak and Kent, and plaintiff's expert failed to address those legal theories in opposition to the motion (see Carroll, 218 AD3d at 1376). Based on the above, we modify the order by granting the Kaleida motion in its entirety and dismissing the complaint against the Kaleida Health defendants and Kent.
With respect to the appeal by Doak and UBMD, we conclude that the court erred in denying that part of the motion of those defendants and UBMD, Inc. (UBMD motion) seeking summary judgment dismissing, as abandoned, the complaint and any cross-claims against UBMD insofar as the complaint asserts a claim of direct liability against UBMD. Doak and UBMD met their initial burden with respect to the malpractice claim against UBMD insofar as it is based upon a legal theory of direct liability, and plaintiff's expert failed to address that legal theory in opposition to the motion thereby "abandon[ing] that distinct theory of medical malpractice" (Carroll, 218 AD3d at 1376). Further, plaintiff conceded that the malpractice claim against UBMD is limited to a claim based upon a legal theory of vicarious liability.
Finally, we agree with Doak and UBMD that the court erred in denying that part of the UBMD motion seeking summary judgment dismissing, as abandoned, the complaint and any cross-claims against Doak insofar as the complaint asserts claims under the legal theories of negligent training of nursing staff, inadequate nursing staffing and equipment, negligent neuromonitoring, failure to obtain a consultation, and failure to review orders. We therefore further modify the order accordingly. Doak and UBMD met their initial burden to that extent, and plaintiff's expert failed to address them in opposition to the motion (see id.).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court