Zappia v Cai (2025 NY Slip Op 01517)

Zappia v Cai

2025 NY Slip Op 01517

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

619 CA 23-01119

[*1]NORA ZAPPIA AND ANTHONY ZAPPIA, PLAINTIFFS-RESPONDENTS,
v
JOHN JUN CAI, M.D., AND JOHN J. CAI, M.D., PLLC, DEFENDANTS-APPELLANTS. 

CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered May 24, 2023. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm. Plaintiffs commenced this action seeking damages for injuries that Nora Zappia (plaintiff) allegedly sustained when defendant John Jun Cai, M.D. (Dr. Cai) performed an electrophysiology (EP) study and atrial fibrillation (AF) ablation on plaintiff, who was 27 years old at the time. Subsequently, plaintiff developed inappropriate sinus tachycardia, which necessitated the implementation of a pacemaker and resulted in various injuries. Plaintiffs allege that Dr. Cai "was negligent in recommending and then performing" the EP study and AF ablation.
"It is well settled that, on a motion for summary judgment, a defendant in a medical malpractice action bears the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [4th Dept 2015]; see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). In order to meet their initial burden on a summary judgment motion in a medical malpractice action, a defendant is required to "present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [they] complied with the accepted standard of care or did not cause any injury to the patient" (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015] [internal quotation marks omitted]). A defendant physician may submit their own affidavit to meet that burden, but that affidavit "must be detailed, specific and factual in nature and [must] not assert in simple conclusory form that the physician acted within the accepted standards of medical care" (Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019] [internal quotation marks omitted]; see Webb, 133 AD3d at 1386). Furthermore, "the expert affidavit must address each of the specific factual claims of negligence raised in [the] plaintiff[s'] bill of particulars" (Isensee, 174 AD3d at 1521 [internal quotation marks omitted]; see Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011]). "Once the defendant meets [their] burden, the burden shifts to [the] plaintiff to raise an issue of fact by submitting a physician's affidavit" (Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018] [internal quotation marks omitted]); the burden shifts "only as to the elements on which the defendant met the prima facie burden" (Bubar, 177 AD3d at 1359 [internal quotation marks omitted]).
Assuming, arguendo, that defendants met their initial burden on their motion, we reject defendants' contention that Supreme Court erred in determining that the affidavit of plaintiffs' expert raised a triable issue of fact sufficient to defeat defendants' motion. "Where, as here, a nonmovant's expert affidavit squarely opposes the affirmation of the moving parties' expert, the result is a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
We similarly reject defendants' contention that the court should have dismissed the claim of negligence relating to the EP study (i.e., the pre-ablation claim) specifically. Defendants contend that they met their initial burden with respect to that claim and that plaintiffs' expert did not address it. Initially, we note that we have previously rejected the proposition that medical malpractice defendants are entitled to "partial summary judgment dismissing each of the particularized factual allegations contained in the bill of particulars that [are] not expressly addressed by [the] plaintiff[s'] expert in opposition" (Carroll v Niagara Falls Mem. Med. Ctr., 218 AD3d 1373, 1375 [4th Dept 2023] [emphasis omitted]). "Instead, summary judgment is properly granted only as to the distinct theor[ies] or claim[s] of malpractice that were unaddressed by the plaintiff's expert in opposition" (Van Hook v Doak, 227 AD3d 1537, 1539 [4th Dept 2024] [internal quotation marks omitted], quoting Carroll, 218 AD3d at 1376). Here, plaintiffs' expert sufficiently opined that Dr. Cai's performance of the EP study deviated from the standard of care, inasmuch as the resulting unsustained arrhythmia was
not clinically significant to a degree sufficient to justify performing the ablation.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court