Scott v Mellas (2025 NY Slip Op 03460)

Scott v Mellas

2025 NY Slip Op 03460

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

388 CA 24-00568

[*1]DONALD SCOTT AND GLENDA SCOTT, PLAINTIFFS-RESPONDENTS,
v
THERESA MELLAS, P.A., AND MEDFIRST URGENT CARE, PLLC, DOING BUSINESS AS MASH URGENT CARE, DEFENDANTS-APPELLANTS. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AMANDA C. ROSSI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered March 8, 2024. The order denied in part defendants' motion for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries that Donald Scott (plaintiff) allegedly sustained as a result of the failure of defendants, Theresa Mellas, P.A. and MedFirst Urgent Care, PLLC, doing business as MASH Urgent Care (MASH Urgent Care), to timely diagnose and treat plaintiff's diabetes. In their bill of particulars and supplemental bill of particulars, plaintiffs also alleged that MASH Urgent Care failed to properly train and supervise its staff at the facility. Following discovery, defendants moved for summary judgment dismissing the amended complaint. Supreme Court granted the motion with respect to the failure to properly train and supervise claims, but otherwise denied the motion. Defendants appeal, and we now affirm.
On a motion seeking summary judgment dismissing a medical malpractice cause of action, " 'a defendant has the burden of establishing, prima facie, that [they] did not deviate from [the] good and accepted standard[ ] of . . . care, or that any such deviation was not a proximate cause of the plaintiff's injuries' " (Culver v Simko, 170 AD3d 1599, 1600 [4th Dept 2019]; see Simko v Rochester Gen. Hosp., 199 AD3d 1408, 1409 [4th Dept 2021]). Once the defendant meets that initial burden, "[t]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact . . . only as to the elements on which the defendant met the prima facie burden" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Carroll v Niagara Falls Mem. Med. Ctr., 218 AD3d 1373, 1374 [4th Dept 2023]).
Here, even assuming, arguendo, that defendants met their initial burden on the motion with respect to both the alleged deviations from the accepted standard of medical care and proximate causation (see generally Simko, 199 AD3d at 1409; Bubar, 177 AD3d at 1360), we conclude that plaintiffs raised triable issues of fact with respect to both elements sufficient to defeat the motion with respect to the medical malpractice cause of action by submitting the affidavit of their medical expert (see Cully v Ricottone, 228 AD3d 1240, 1240 [4th Dept 2024]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Plaintiffs' expert affidavit 'squarely oppose[d]' the affidavit of [defendants' expert], resulting in 'a classic battle of the experts that is properly left to a jury for resolution' " (Cully, 228 AD3d at 1240; see Zappia v Cai, 236 AD3d 1394, 1395 [4th Dept 2025]).
Although the opinion of plaintiffs' expert is based in large part on underlying factual assertions made by plaintiff in his affidavit—namely, plaintiff's assertion that he told Mellas that he "had excessive thirst" and was "urinating much more frequently than usual," both of which are symptoms of diabetes—defendants contend for the first time on appeal that plaintiff's affidavit contradicts his deposition testimony and therefore constitutes "an attempt to raise feigned issues of fact where none truly exists" (Mann v AutoZone Northeast, Inc., 148 AD3d 1646, 1646 [4th Dept 2017] [internal quotation marks omitted]; see Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1579 [4th Dept 2016]). Even assuming, arguendo, that defendants' contention is properly before us, we conclude that it lacks merit. Plaintiff testified during his deposition that he told the attending medical provider at the urgent care facility that he was "extremely thirsty" and had been "[d]rinking milk constantly" because he was hungry. That testimony does not "flatly contradict" plaintiff's claim in his affidavit that he told the provider that he was thirsty (Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049 [2016]; see Schwartz v Vukson, 67 AD3d 1398, 1400 [4th Dept 2009]). Although the affidavit offers a different reason for plaintiff's excessive consumption of milk (thirst rather than hunger), an inconsistency of that nature merely presents a credibility issue for trial. The same is true for the fact that plaintiff did not testify at his deposition that he told the provider about experiencing excessive urination and could not recall anything else he said about his symptoms other than experiencing thirst and fatigue.
Contrary to their contention, defendants failed to establish as a matter of law that plaintiff's failure to seek treatment for weeks following his visit to MASH Urgent Care constitutes a superseding, intervening event that severed any causal connection to defendants' alleged malpractice. Defendants failed to meet their initial burden on the motion of establishing that plaintiff's delay in following up for treatment was an intervening act that was "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [defendants'] conduct" such that it could constitute "superseding act[s] which break[ ] the causal nexus" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]; see Hain v Jamison, 28 NY3d 524, 529 [2016]; Carroll, 218 AD3d at 1374).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court